**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**ANGELA DENISE KILGORE,**

      **Petitioner,**

**vs.**                                                           **Case No. 4:10cv407-MP/WCS**

**UNITED STATES OF AMERICA,**

      **Respondent.**

                           **/**

### REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. 1.  The filing fee was paid.

Petitioner challenges the sentence imposed by the Eastern District of Tennessee.  Doc. 1, p. 2.  Petitioner filed a 28 U.S.C. § 2255 motion in the sentencing court, and the motion was denied.  *Id.*  Her second or successive motion was dismissed for want of prosecution.  *Id.*, p. 3.

Here, Petitioner asserts that she was wrongfully sentenced, as Congress did not authorize separate penalties under 18 U.S.C. § 2113(d) and 18 U.S.C. § 924(c), relying on United States v. Almany, 598 F.3d 238 (6th Cir. 2010).  That opinion was vacated

and remanded for further consideration in light of <u>Abbott v. United States</u>, 562 U.S. ----,

131 S.Ct. 18, 178 L.Ed.2d 348 (2010), and the consecutive sentence under § 924(c)

was restored on remand.  <u>United States v. Almany</u>, 131 S.Ct. 637, 178 L.Ed.2d 471

(2010); <u>United States v. Almany</u>, 626 F.3d 901 (6th Cir. 2010).

  A challenge to a sentence is cognizable by motion filed pursuant to 28 U.S.C. §

2255, which provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of
> Congress claiming the right to be released upon the ground that the
> sentence was imposed in violation of the Constitution or laws of the United
> States, or that the court was without jurisdiction to impose such sentence,
> or that the sentence was in excess of the maximum authorized by law, or
> is otherwise subject to collateral attack, may move the court which
> imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

  Under the "savings clause" of § 2255, a petition for writ of habeas corpus filed by

a prisoner authorized to seek relief under § 2255 "shall not be entertained if it appears

that the applicant has failed to apply for relief, by motion, to the court which sentenced

him, or that such court has denied him relief, unless it also appears that the remedy by

motion is inadequate or ineffective to test the legality of his detention."  § 2255(e). The

Eleventh Circuit has said, "that the only sentencing claims that may conceivably be

covered by the savings clause are those based upon a retroactively applicable Supreme

Court decision overturning circuit precedent."  <u>Wofford v. Scott</u>, 177 F.3d 1236, 1245

(11th Cir.1999); *see also* <u>Gilbert v. United States</u>, __ F.3d __, 2011 WL 1885674, at *24

(11th Cir. May 19, 2011) (noting that the actual holding of <u>Wofford</u>, "is simply that the

savings clause does not cover sentence claims that could have been raised in earlier

proceedings.").

Petitioner relies on circuit precedent, which has been overturned by the Supreme Court.  On the section of the § 2241 form for explaining why the § 2255 remedy is inadequate or ineffective, Petitioner simply states that her second or successive motion was dismissed for want of prosecution.  She is not entitled to proceed under the savings clause.

It is therefore respectfully **RECOMMENDED** that the § 2241 petition, challenging Petitioner's sentence imposed in the Eastern District of Tennessee, be **SUMMARILY DISMISSED.**

**IN CHAMBERS** at Tallahassee, Florida, on May 26, 2011.

 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:10cv407-MP/WCS